# EXHIBIT

# C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INBANK, <br><br> PLAINTIFF, <br><br> v. <br><br> ELBERT ELMORE, VIRGINIA BROWNING, NORMAN REIHER, and ROBERT ROMERO, <br><br> DEFENDANTS. | Civil No. 13-CV-01767 <br> District Judge: Amy J. St. Eve <br> Magistrate Judge: Susan E. Cox |

## DECLARATION OF STUART TONKINSON

Pursuant to 28 U.S.C. § 1746, I, Stuart Tonkinson, declare and state as follows:

1. I am an attorney working in the Professional Liability-Financial Crimes Section of the Federal Deposit Insurance Corporation. In that capacity, beginning in September 2012, I have been the oversight attorney for professional liability claims the FDIC may have in its capacity as receiver for InBank ("FDIC-R").

2. Attached hereto as Exhibit 1 is a true and correct copy of the Tolling Agreement dated August 24, 2012, between FDIC-R and Defendants.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

*/s/ J. S. Tonkinson*
Stuart Tonkinson

Executed the 23d day of August, 2013, in Dallas, Texas.

# EXHIBIT 1

## TOLLING AGREEMENT

FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH IS HEREBY ACKNOWLEDGED, THIS TOLLING AGREEMENT (the "Agreement") is made and entered into by and between the Federal Deposit Insurance Corporation, acting in its capacity as Receiver of InBank (the "Bank") or in its capacity including, without limitation, as assignee or statutory successor of the Bank's claims and causes of action (hereinafter collectively referred to in either capacity as the "FDIC"), and Cynthia Grazian, Elbert Elmore, Norman Reiher, Andrew Tinberg, Virginia Browning, Thomas De Robertis, Robert Romero (collectively, "**Former Bank Directors and Officers**") to be effective as of August 24, 2012, as follows:

1. The period commencing on 12:01 a.m. on August 24, 2012, and ending at 11:59 pm on February 25, 2013, shall hereinafter be referred to as the "**Tolling Period.**"

2. During the Tolling Period, any and all statutes of limitations or other periods of limitation shall be tolled and shall not run, and this time period shall not be pleaded, asserted, included in any calculation of time elapsed, or relied upon in any legal argument or proceeding however styled (*e.g.*, by claim, defense, cross-claim, counterclaim, third-party claim, or the like) for purposes of computing the running of any federal or state statute of limitations or with reference to laches or any other time-related defense (whether equitable, statutory, contractual, or otherwise) in regard to any claim of any kind or nature brought by the FDIC against any of the Former Bank Directors and Officers arising out of, or related in any manner whatsoever to, any acts or omissions by any of the Tolling Parties (as defined herein) regarding the Bank, including, without limitation, any and all directors and officers professional liability claims for which liability is or may be covered by St. Paul Mercury Insurance Company (collectively, the "Tolled

Claims"). The FDIC and the Former Bank Directors and Officers are collectively referred to herein as the "Tolling Parties."

3. Notwithstanding the above, this Tolling Agreement shall not apply to, affect, or delay in any way any currently pending or future action(s) arising out of any due and unpaid promissory notes, guarantees, or similar evidences of contractual indebtedness executed by any of the Tolling Parties, nor shall this Tolling Agreement apply to, affect or delay in any way currently pending or future regulatory enforcement proceedings or criminal proceedings, if any, or any action brought by any governmental agency other than the FDIC, in connection with any institution which is or was insured by the FDIC, including without limitation, the Bank.

4. The FDIC agrees not to file any of the Tolled Claims against any of the Tolling Parties prior to the expiration of the Tolling Period. During the Tolling Period, if the Tolling Parties agree to mediate the Tolled Claims, the Tolling Parties will execute another tolling agreement to provide themselves sufficient time to conduct such mediation. The tolling period in any such further tolling agreement shall not exceed 180 days from the date the Tolling Period expires. In the event the Tolling Parties do not execute another tolling agreement prior to the expiration of the Tolling Period, the FDIC reserves the right to file any of the Tolled Claims against any of the Tolling Parties after the Tolling Period expires.

5. Nothing in this Tolling Agreement shall be read as reducing the time within which the FDIC may bring or otherwise have to assert any suit or claim.

6. This Agreement constitutes the entire agreement between the undersigned parties with respect to the subject matter of this Agreement, and any prior oral or written statements concerning the matters addressed herein are merged herein for all purposes and shall be of no force and effect. The terms of this Agreement shall not be altered, modified, amended,

2

supplemented or terminated in any manner whatsoever except by a written instrument signed by each of the undersigned parties.

7. This Tolling Agreement shall be binding upon and inure to the benefit of the undersigned parties and their respective heirs, executors, administrators, representatives, successors and assigns.

8. This Tolling Agreement may be executed in any number of counterparts with the same effect as if the signatures on each counterpart were upon a single instrument. All counterparts, taken together, shall constitute the Agreement. An executed counterpart to this Agreement may be delivered by facsimile transmission or by scanned image attached to an electronic mail (*i.e.*, e-mail) transmission, and a copy of any such transmission shall be treated in all respects as if it was an original of the executed counterpart.

9. The Former Bank Directors and Officers acknowledge that, while St. Paul Mercury Insurance is not a signatory to this Agreement, it has committed that it will not take a position contrary to the terms of this Agreement.

10. Each of the signatories severally represents and warrants that he or she in the capacities recited herein has the full power and authority to execute this Agreement on behalf of the party for whom he or she has signed.

11. The Tolling Parties agree that the mutual promises contained herein constitute good and valuable consideration, receipt of which is acknowledged.

12. This Agreement shall be interpreted under Federal law or, in the absence of such law, under the substantive law of the State of Illinois. This paragraph shall apply only to disputes arising out of this Agreement and shall not be construed to modify any choice of law provision or analysis otherwise applicable in any other dispute between the parties, and each

3

party reserves the right to assert that other state or federal law may apply to such other potential disputes.

13. This Agreement shall not be construed as an admission of liability by any party, nor shall it be admitted into evidence except as may be necessary to enforce its terms.

14. Except as required by law, or as required to enforce this agreement, this Agreement shall remain confidential between the parties.

*[Remainder of page left blank intentionally; signature pages follow]*

4

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: CRAIG G. PENROSE
Its: Attorney
Date: August 27, 2012

### FORMER BANK DIRECTORS AND OFFICERS

By: _____
Printed Name: Cynthia Grazian
Date: August ___, 2012


By: _____
Printed Name: Elbert Elmore
Date: August ___, 2012


By: _____
Printed Name: Norman Reiher
Date: August ___, 2012


By: _____
Printed Name: Andrew Tinberg
Date: August ___, 2012


By: _____
Printed Name: Virginia Browning
Date: August ___, 2012


By: _____
Printed Name: Thomas De Robertis
Date: August ___, 2012


By: _____
Printed Name: Robert Romero
Date: August ___, 2012

From:Grazian & Volpe            773+838+8135            08/23/2012 12:16       #392 P.006/006

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: _____
Its: _____
Date:       August ___, 2012

---

**FORMER BANK DIRECTORS AND OFFICERS**

By: _____[signature]_____
Printed Name: Cynthia Grazian
Date:       August ___, 2012


By: _____
Printed Name: Elbert Elmore
Date:       August ___, 2012


By: _____
Printed Name: Norman Reiher
Date:       August ___, 2012


By: _____
Printed Name: Andrew Tinberg
Date:       August ___, 2012


By: _____
Printed Name: Virginia Browning
Date:       August ___, 2012


By: _____
Printed Name: Thomas De Robertis
Date:       August ___, 2012


By: _____
Printed Name: Robert Romero
Date:       August ___, 2012

5

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: _____
Its: _____
Date:     August ___, 2012

**FORMER BANK DIRECTORS AND OFFICERS**

By: _____
Printed Name: Cynthia Grazian
Date:     August ___, 2012

By:  *[signature: Elbt Elmore]*
Printed Name: Elbert Elmore
Date:     August ___, 2012

By: _____
Printed Name: Norman Reiher
Date:     August ___, 2012

By: _____
Printed Name: Andrew Tinberg
Date:     August ___, 2012

By: _____
Printed Name: Virginia Browning
Date:     August ___, 2012

By: _____
Printed Name: Thomas De Robertis
Date:     August ___, 2012

By: _____
Printed Name: Robert Romero
Date:     August ___, 2012

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: _____
Its: _____
Date: August ___, 2012

## FORMER BANK DIRECTORS AND OFFICERS

By: _____
Printed Name: Cynthia Grazian
Date: August ___, 2012


By: _____
Printed Name: Elbert Elmore
Date: August ___, 2012


By: _____
Printed Name: Norman Reiher
Date: August ___, 2012

By: _____
Printed Name: Andrew Tinberg
Date: August 22, 2012

By: _____
Printed Name: Virginia Browning
Date: August 27, 2012

By: _____
Printed Name: Thomas De Robertis
Date: August 23, 2012

By: _____
Printed Name: Robert Romero
Date: August ___, 2012

5

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: _____
Its: _____
Date: August ___, 2012

**FORMER BANK DIRECTORS AND OFFICERS**

By: _____
Printed Name: Cynthia Grazian
Date: August ___, 2012


By: _____
Printed Name: Elbert Elmore
Date: August ___, 2012

By: *[signature]*
Printed Name: Norman Reiher
Date: August ___, 2012

By: *[signature]*
Printed Name: Andrew Tinberg
Date: August 22, 2012

By: _____
Printed Name: Virginia Browning
Date: August ___, 2012

By: *[signature]*
Printed Name: Thomas De Robertis
Date: August 23, 2012

By: _____
Printed Name: Robert Romero
Date: August ___, 2012

5

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
including as Receiver for InBank

By: _____
Printed Name: _____
Its: _____
Date: August ___, 2012

**FORMER BANK DIRECTORS AND OFFICERS**

By: _____
Printed Name: Cynthia Grazian
Date: August ___, 2012

By: _____
Printed Name: Elbert Elmore
Date: August ___, 2012

By: _____
Printed Name: Norman Reiher
Date: August ___, 2012

By: _____
Printed Name: Andrew Tinberg
Date: August ___, 2012

By: _____
Printed Name: Virginia Browning
Date: August ___, 2012

By: _____
Printed Name: Thomas De Robertis
Date: August ___, 2012

By: *[signature]*
Printed Name: Robert Romero
Date: August 24, 2012

5